**154**

Tomie PERRY,

v.

**Richard SHELKIS and Francis Scott.**

Supreme Judicial Court of Maine.

Submitted on briefs June 22, 1993.

Decided July 14, 1993.

Thomas S. Carey, Rumford, for plaintiff.

Anthony K. Ferguson, Fales & Fales, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Francis Scott appeals from a judgment entered in the Superior Court (Oxford County, *Cole, J.*), affirming the judgment of the District Court (Rumford, *Sheldon, J.*), denying Scott's motion for relief from the summary judgment in favor of Tomie Perry on the issues of liability and damages on her complaint seeking treble damages from Richard Shelkis,[1] the owner of property abutting that of Perry on Pine Street in Mexico, and Scott, the contractor hired by Shelkis to cut wood, for their alleged trespass and willful or knowing cutting of trees on Perry's land. 14 M.R.S.A. § 7552 (Supp.1992).[2] Because the record reflects that Scott did not receive notice of Perry's motion for a partial summary judgment on the issue of the defendants' liability, we vacate the judgment.[3]

Pertinent to the issue before us, the record reflects the following: On June 23, 1990, Scott was personally served with a copy of the complaint and summons in the

---

**1.** After granting the entry of the order granting Perry's motion for a summary judgment on the issue of liability, but prior to the hearing on Perry's motion for a summary judgment on the issue of damages, the court granted the joint motion of Perry and Shelkis, reciting that all claims between them had been settled by Shelkis's payment of $1,500 to Perry and requesting that Perry's complaint against Shelkis and his counterclaim against her be dismissed with prejudice.

**2.** 14 M.R.S.A. § 7552 provides:

Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree, Christmas tree, evergreen boughs, agricultural product, timber, wood, underwood, stones, gravel, ore, good or property of any kind from land not that person's own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in a civil action. If such an act or such acts are committed will-

fully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs. In addition, if the action includes the destruction, cutting or injury of any commercial forest trees, the defendant is responsible for regeneration of the stand in accordance with Title 12, section 8869. For purposes of this section, Christmas trees and evergreen boughs are defined in Title 12, section 8841, and agricultural product is defined in section 7551–A.

**3.** By its order dated May 12, 1992, the District Court found there was no genuine issue of material fact relating to Perry's entitlement to treble damages pursuant to 14 M.R.S.A. § 7552. The court found $2,616 treble damages, $1,037.99 in costs expended by Perry and allowable attorney fees and costs in the amount of $6,360.60, for a total of $8,976.60. After deducting the $1,500 received by Perry from Shelkis, a judgment was entered against Scott in the amount of $7,476.60.

instant case. Scott, appearing pro se, filed a timely answer.

On January 16, 1991, Perry filed a motion seeking a partial summary judgment in her favor on her complaint and Shelkis's counterclaim on the issue of liability. By a notice dated January 17, 1991, Perry and Shelkis were notified of the date assigned for a hearing on the motion, but Scott was not. On January 28, 1991, James Brett Main filed a written notice of his appearance as co-counsel for Shelkis. After a hearing on Perry's motion, at which Scott did not appear, the court issued its order on February 6, 1991, providing "the Defendants are liable for having cut trees on the plaintiff's property without her permission," granting Perry's motion for a summary judgment on the issue of liability and directing the clerk to schedule a hearing on the issue of damages.

On April 29, 1991, Main filed a motion reciting that "the Defendants" request leave to amend "Defendants' answers" to assert certain affirmative defenses to Perry's complaint. It is on this motion and an offer of judgment dated March 27, 1991, mailed to Perry's attorney and signed by Main, reciting, "Now comes Defendants, Richard Shelkis and Francis Scott by and through their attorneys, Platz & Thompson, P.A. ... and offer the Plaintiff to take judgment against the Defendants in the amount of $1,000 ... inclusive of interest and costs," that Perry relies, as she did before the District Court, for her contention that notice to Main was notice to Scott.

Counterindicative of Perry's contention, however, is Perry's personal service on Scott on February 3, 1992 of a request for admissions and personal service on him on April 9, 1992 of a copy of Perry's motion for a summary judgment on the issue of damages.

The appearance filed with the court by Main on January 28, 1991, specifically stated that he was appearing as co-counsel for Richard Shelkis. See M.R.Civ.P. 79(a) (name and address of attorney appearing or answering for any defendant shall be entered by clerk on civil docket). Main filed numerous documents in this case on behalf of Shelkis, both before and after the motion seeking to amend the "Defendants' answers" and the offer of judgment mailed to Perry's counsel. We know of no authority, and Perry cites none, that allows a party to be bound by the conduct of an attorney the party has not engaged to represent that party or the court has not appointed to do so.

It is well established that all parties to an action before the court are entitled to adequate notice of any pending matter. See M.R.Civ.P. 5(a) ("every written motion ... shall be served upon each of the parties"); M.R.Civ.P. 7(c) (providing period of time for filing opposition to motion); *Nadeau v. State*, 395 A.2d 107, 115 (Me.1978). A finding of Scott's liability was an essential prerequisite to an award of damages to Perry. Because Scott did not receive notice of Perry's motion for a summary judgment on the issue of liability, the court erred in denying Scott's motion for relief.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to vacate the judgment of the District Court and remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.